IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kenji Jeter, #257403 )<br>)<br>     Petitioner, )<br>)<br>vs. )<br>)<br>Colie Rushton, Warden McCormick )<br>Correctional Institution; and Henry )<br>McMaster, Attorney General of the State )<br>of South Carolina, )<br>)<br>     Respondents. )<br>_____) | C/A No. 4:04-22689-HFF-TER<br><br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Kenji Jeter ("petitioner/Jeter"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [1] on October 21, 2004. Respondents filed a motion for summary judgment on December 21, 2004, along with supporting memorandum. The undersigned issued an order filed January 6, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to respondents' motion for summary judgment on February 11, 2005.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

# I. PROCEDURAL BACKGROUND

The procedural history as set forth by respondents in their memorandum has not been seriously disputed by petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by respondents.

Petitioner is presently confined to McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Spartanburg County. At the January 1999 term, the grand jury of Spartanburg County indicted petitioner for murder (99-GS-42-227). (App.pp. 120-121).

Petitioner was represented at the trial level by Attorney Michael Morin. Petitioner pleaded guilty to voluntary manslaughter before the Honorable J.C. Nicholson on March 24th, 1999. Judge Nicholson sentenced petitioner to a term of twenty-one (21) years imprisonment. (App.pp.3-42).

Petitioner filed a timely notice of intent to appeal his conviction and sentence. On August 27th, 1999, the South Carolina Court of Appeals issued an order of dismissal and remittitur after petitioner indicated his desire to withdraw the appeal. (App. P. 60).

Petitioner next filed two Applications for Post-Conviction Relief ("PCR") on September 23rd, 1999, the South Carolina Court of Appeals issued an order of dismissal and remittitur after petitioner indicated his desire to withdraw the appeal. (App.p.60).

Petitioner next filed two Applications for Post-Conviction Relief ("PCR") on September 23rd, 1999 and March 20th, 2000. After a hearing, the Honorable Lee S. Alford issued an Order of Dismissal dated June 22nd, 2001, in which Judge Alford dismissed the 1999 PCR and allowed

petitioner to proceed with the later PCR. (App.pp. 70-71). In his PCR, petitioner raised the following issues:

    (1) Ineffective Assistance of Counselor

    (2) Evidence used to secure indictment was tainted.

(App.pp. 72-79). The State filed a Return on March 25th, 2002. (App.pp. 80-85).

An evidentiary hearing in petitioner's PCR was held before the Honorable Donald W. Beatty on November 5th, 2002. Petitioner was present and represented by counsel Kevin Ellis and Judy Blackwell. (App. 87). Petitioner testified on his own behalf. Also testifying for petitioner was his mother, Carolyn Jeter. The State called plea attorney Michael Morin. Judge Beatty took the matter under advisement, and on December 6th, 2002, issued an Order of Dismissal with Prejudice in which he rejected petitioner's claims. (App.pp. 114-119).

A Notice of Appeal from Judge Beatty's decision was filed with the South Carolina Supreme Court on January 27th, 2003. On September 10th, 2003, Assistant Appellate Defender Eleanor Duffy Cleary, of the South Carolina Office of Appellate Defense filed a <u>Johnson</u> petition for writ of certiorari and petition to be relieved as counsel, in which she presented the following question:

> Whether petitioner's guilty plea was rendered involuntary by his plea counsel's erroneous advice that he would only be sentenced to ten to fifteen years in prison?

The South Carolina Supreme Court issued an Order date May 13th, 2004, in which they denied the petition for writ of certiorari and granted counsel's request to withdraw. The Remittitur was sent down on June 1st, 2004.

3

## II.  GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, petitioner raises the following grounds for relief, quoted verbatim:

> **Ground One**: The Petitioner was denied effective assistance of counsel during his plea hearing thus his plea was not entered knowingly and voluntarily.
>
> The Petitioner testified at his PCR hearing that his counsel told him that he would receive no more than ten or fifteen years if he pleaded guilty.  Petitioner's plea counsel also testified that he advised Petitioner he could expect ten or fifteen years based on his lack of criminal record and age at the time of the offense. App. P. 105, L. 22-23.  The Petitioner, based on the evidence presented, had a viable self defense claim.  He only pleaded guilty with the understanding that he would not serve more than fifteen years. App.P.94, L.19-20.
>
> **Ground Two**: The Court was deprived of subject matter jurisdiction due to the Solicitor's circumvention of Petitioner's Federal Constitutional rights.
>
> The Solicitor violated Petitioner's Federal Constitutional rights to due process and equal protection by circumventing mandatory procedures.
>
> The Solicitor did not properly file and have clock-date stamped with the Clerk of Court Petitioner's indictment before it was True Billed by the Grand Jury as is mandated by the South Carolina Code of Laws and the South Carolina Rules of Court.  Since the Solicitor failed to properly follow the correct procedures for prosecuting the Petitioner, his indictments are nugatory and the plea court was without jurisdiction to accept Petitioner's plea.

(Petition).

### III. SUMMARY JUDGMENT

On December 21, 2004, the respondents filed a return and memorandum of law in support of their motion for summary judgment. Petitioner responded to the motion for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving

5

party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

Since Jeter filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this

standard is applied are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

## V.  MERITS

### A. GROUND ONE

As set out above, in Ground One, petitioner argues that he was denied effective assistance of counsel during his plea hearing, thus his plea was not entered knowingly and voluntarily. Specifically, petitioner claims his plea was not knowingly and voluntarily given because he was guaranteed by counsel he would receive no more than fifteen (15) years for his plea to voluntary manslaughter and he receive twenty-one (21) years.

Respondents assert that petitioner presented this issue in his Johnson petition for writ of certiorari in the state supreme court. Thus the issue is properly preserved for review. Respondents argue that "given trial counsel's testimony, which the PCR court found credible, as well as the colloquy between petitioner, trial counsel, and the plea court, it cannot be said that the state court decision was an objectively unreasonable application of the law or determination of the facts." (Memorandum, p. 5-6).

In his response, petitioner asserts that his trial counsel represented that due to his lack of criminal records and his youth that he could expect to receive ten to fifteen years if he pleaded guilty. Petitioner argues that it was his counsel's duty to make sure he understood the amount of time he could receive and inform him that he had a viable case for self-defense. (Doc. # 10).

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

In <u>Lockhart v. Fretwell</u>, 506 U.S. 364 (1993), the Supreme Court clarified its definition of prejudice quoted above, stating that "an analysis focusing solely on mere outcome determination . . . is defective." Instead, an appropriate analysis of prejudice should consider "whether the result of the proceeding was fundamentally unfair or unreliable." Therefore, a court analyzing the prejudice prong should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." See <u>Williams v. Taylor</u>, Nos. 98-14, 98-16, 1998 WL 883336 (4th Cir. Va. Dec. 18, 1998) (quoting <u>Lockhart</u>, at 369-70).

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the <u>wide range</u> of professionally competent assistance. (Emphasis added.)

Further, a plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true. The defendant may not later argue that his plea was invalid except in extremely limited circumstances, <u>Blackledge v. Allison</u>, 431 U.S. 63 (1977). The statements made by a defendant at the time he pleads guilty are taken as conclusive unless he can clearly demonstrate why those statements were not true, <u>Crawford v. United States</u>, 519 F.2d 347, 350 (4th Cir. 1975).

A review of <u>Hill</u>, <u>supra,</u> by the undersigned reveals the court held that, quoted verbatim:

> Although our decision in <u>Strickland v. Washington</u> dealt with a claim of ineffective assistance of counsel in a capital sentencing proceeding, and was premised in part on the similarity between such a proceeding and the usual criminal trial, the same two-part

9

> standard seems to us applicable to ineffective-assistance claims arising out of the plea process. Certainly our justifications for imposing the "prejudice" requirement in <u>Strickland v. Washington</u> are also relevant in the context of guilty pleas.

<u>Hill</u>, 474 U.S. at 56.

In the present case, a thorough review of the record by the undersigned results in the undersigned's recommendation that respondents' motion for summary judgment be granted. Specifically, when petitioner's claim for habeas corpus relief is liberally construed, the petitioner does not give any supporting facts to substantiate his claims of ineffective assistance of counsel. There is nothing in the record to indicate counsel for the petitioner was ineffective. A review of the record reveals that at the time of the plea, trial counsel stated that petitioner understood that he could get thirty (30) years and understood the rights he was waiving. Petitioner was questioned by the trial court and asked if he was pleading guilty to the offense of voluntary manslaughter and he stated "yes." Then the trial court asked him "You can receive up to thirty years in jail; do you understand that?" (App. 7). Petitioner responded yes and that he had no questions about the possible maximum sentence he could receive. The trial court fully questioning him concerning his understanding of his right to a jury trial and the right that he was giving up by pleading guilty. Further, when asked if he committed the offense, petitioner stated " yes, sir. . . . I shot Marshall Sinuel . . . " (App. 10). Petitioner further stated that no one had promised him anything in return for pleading guilty and no one put pressure on him or threatened him to plead guilty. Petitioner testified that he was satisfied with his attorney and had the opportunity to talk to him as long as he wanted and had no complaints. (App. 10-13).

A review of the PCR transcript reveals trial counsel testified that he never told or promised petitioner that he could receive ten or fifteen years in this case. Trial counsel testified "I probably said I hope or our goal is to get between ten and fifteen cause he has no record. But I've never promised anybody, that was pleading straight up, anything other than they can expect that they might get the maximum sentence." (App. 103). Trial counsel testified that petitioner was pleading straight up to avoid a trial for murder and a potential life sentence if convicted. (App. 104, 109).

A review of the PCR court's decision find that the PCR court concluded the following with respect to this issue of involuntary guilty plea as a result of ineffective assistance of counsel:

> The allegations that the Applicant's guilty plea was rendered involuntary as the result of ineffective assistance of counsel is without merit. This Court finds that every aspect of the Applicant's testimony regarding the deficiencies of his trial counsel's representation was not credible. The Applicant's claim that trial counsel promised him a set number of years to serve was not credible. Trial counsel's testimony as to his representation, investigation, negotiation, and advise concerning the charges was credible and this Court affords its great weight. This court finds that trial counsel's representation did not fall below reasonable professional norms when he failed to inform the Applicant of the 85% rule prior to the guilty plea. Counsel is not ineffective for failing to advise a defendant regarding parole eligibility because it is a collateral consequence of sentencing. Knox v. State, 340 S.C. 81, 530 S.E.2d 887 (2000). Counsel is not required to notify a defendant that his offenses are "no parole" offenses, requiring service of 85% of the sentence imposed and making him ineligible for parole. Id. In this case, the transcripts and trial counsel's testimony shows that Applicant understood the consequences of a guilty plea, his Constitutional rights, and the possible sentences. This Court finds that trial counsel was not deficient in any aspect of his representation and performed well within reasonable professional norms for a criminal defense attorney. Therefore, the Applicant's guilty plea was not rendered involuntary as a result of the ineffective assistance of counsel. Strickland v. Washington, 466 U.S.

>   668, 104 S.St. 2052 (1984); Hill v. Lockhart. This Court further finds that Applicant also failed to carry his burden of proof to show that but for trial counsel's alleged deficient representation he would have not pled guilty but would have insisted on going to trial. Roscoe v. State. Furthermore, this Court finds the Applicant's guilty plea was knowingly and voluntarily made. Boykin v. Alabama; Pittman v. State. Accordingly, the allegation of involuntary guilty plea resulting from the allegation of ineffective assistance of counsel is denied.

App. 117-118.

The record supports the PCR judge's finding that the petitioner has not demonstrated that his attorney's performance was deficient by showing that his representation fell below an objective standard of reasonableness and, further, he has not shown that the attorney's performance actually prejudiced him. Petitioner himself informed the judge that he understood that he could get up to thirty (30) years and that he understood the charges, the punishment, and wanted to plead guilty to the charges.

As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of Strickland and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. No genuine issue of material fact has been shown in regard to this issue. Strickland, supra. Additionally, the South Carolina Supreme Court denied the petition for writ of certiorari.

In conclusion, the undersigned finds that there was no constitutional violation denying effective assistance of counsel. The undersigned finds that counsel met the reasonableness test of Strickland, supra. Certainly, petitioner has failed, assuming *arguendo* there was error, to show the result was fundamentally unfair or unreliable. Therefore, based on the above, the undersigned recommends that the respondents' motion for summary judgment be granted on this issue.

## B. GROUND TWO

As previously stated, petitioner raises the following as Ground Two in his habeas petition:

> The Court was deprived of subject matter jurisdiction due to the Solicitor's circumvention of Petitioner's Federal Constitutional rights.
>
> The Solicitor violated Petitioner's Federal Constitutional rights to due process and equal protection by circumventing mandatory procedures. The Solicitor did not properly file and have clock-date stamped with the Clerk of Court Petitioner's indictment before it was True Billed by the Grand Jury as is mandated by the South Carolina Code of Laws and the South Carolina Rules of Court. Since the Solicitor failed to properly follow the correct procedures for prosecuting the Petitioner, his indictments are nugatory and the plea court was without jurisdiction to accept Petitioner's plea."

(Petition)

Basically, petitioner alleges that the court was without jurisdiction to accept his guilty plea because his indictment was not "clock-date stamped" before it was true billed.

Respondents assert that jurisdictional issues as to state law are not cognizable in federal habeas corpus. Further, respondents argue that petitioner's main complaint is that the indictment does not have a "clock-stamp" on it. As a result, he concludes the plea court was without jurisdiction to accept his plea and sentence him. Respondents assert that Rule 3(c), SCRCrimP requires that an indictment be filed with the clerk of court, assigned a criminal case number, and presented to the grand jury. Respondents state that petitioner's indictment is facially valid: it has a docket number assigned by the Clerk of Court, and it is true-billed and signed by the grand jury foreman. According to respondents, the copy in the PCR Appendix reflects that it is true-billed and signed by the grand jury foreman; the copy in the PCR Appendix reflects that it is certified

as a true copy by the clerk. (App.p.120). Therefore, respondents assert that it is clear the indictment was properly presented to the grand jury.

In his response, petitioner agues that it is a federal issue because every criminal defendant in the Untied States is guaranteed a right to due process of law and to be prosecuted through a proper indictment. (Doc. # 10).

The undersigned recommends that this issue be dismissed. As this issue pertains to the state court's jurisdiction, this issue should be dismissed because claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.). Therefore, the undersigned recommends that this ground be dismissed.

## VI. CONCLUSION

Based on the reasons set out above, it is RECOMMENDED that respondents' motion for summary judgment (document #7) be GRANTED.

Respectfully Submitted,

S/ Thomas E. Rogers, III

_____

Thomas E. Rogers, III
United States Magistrate Judge

May 31, 2005
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**