

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KENJI JETER, #257403 § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:04-22689-HFF |
| § | |
| COLIE RUSHTON, Warden McCormick § | |
| Correctional Institute and HENRY § | |
| MCMASTER, Attorney General of the State § | |
| of South Carolina § | |
| § | |
| Respondent. § | |
| § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE
JUDGE AND GRANTING RESPONDENTS' MOTION FOR SUMMARY JUDGMENT

**I.     INTRODUCTION**

This is a § 2254 action. Petitioner is proceeding *pro se*. This matter is before the Court for review of the United States Magistrate Judge's report and recommendation (report), in which he suggests that Respondents' motion for summary judgment be granted. The report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 DSC.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Magistrate Judge Thomas Rogers filed his report on May 31, 2005. Petitioner failed to timely filed his objections to the report. In the absence of timely-filed objections to the report of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, out on an abundance of caution, the Court will briefly address Petitioner's objections.

## II.     PETITIONER'S OBJECTIONS

### A.     *Ineffective Assistance of Counsel*

Petitioner seeks a petition for habeas corpus claiming ineffective assistance of counsel. To such a claim, Petitioner must prove the following two elements:

> First, [Petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed [Petitioner] by the Sixth Amendment. Second, [Petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair trial, a trial whose result is reliable.

*Strickland v. Wash.*, 466 U.S. 668, 687 (1984). "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id*.

Petitioner asserts that his counsel advised him that he would receive no more than fifteen years if he plead guilty to the charges brought against him. At trial, however, the Court asked Petitioner "[y]ou can receive up to thirty years in jail; do you understand that?" Petitioner responded affirmatively. When Petitioner was asked if he had been promised anything in exchange for his plea, Petitioner answered in the negative. "[T]he accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding

unless and until he makes some reasonable allegation why this should not be so." *Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975) (reversed on other grounds). Given these findings of fact, this Court is unpersuaded that Petitioner's counsel was ineffective.

### B.    *Jurisdiction*

Petitioner alleges that the trial court was without jurisdiction because the Solicitor failed to clock-date stamp his indictment. "It is black letter law that a federal court may grant habeas relief 'only on the ground that [Petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wright v. Angelone,* 151 F.3d 151, 157 (4th Cir. 1998) (quoting 28 U.S.C. § 2254 (1998)). Hence, Petitioner's jurisdictional claims are improperly brought forth in his § 2254 action.

### C.    *Other objections*

The Court has considered Petitioner's remaining objections and finds them to be without merit.

## IV.    CONCLUSION

Therefore, after a thorough review of the report and the objections thereto pursuant to the standard set forth above, and in light of the above analysis, the Court overrules the Petitioner's objections, adopts the report to the extent that it does not contradict this order and incorporates it herein. Accordingly, Respondents' motion for summary judgment must be **GRANTED**..

**IT IS SO ORDERED.**

Signed this 25th day of July, 2005, in Spartanburg, South Carolina.

                                                                         s/ Henry F. Floyd
                                                                        HENRY F. FLOYD
                                                                        UNITED STATES DISTRICT JUDGE

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has a right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.